UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>   v.<br><br>CLARENCE TRAPPS,<br><br>        Defendant. | Case No. 4:15-cr-00382-JSW-1   (DMR)<br><br>**ORDER DENYING REQUEST TO REOPEN DETENTION HEARING**<br><br>Re: Dkt. Nos. 40 and 41 |

Defendant Clarence Trapps filed a letter requesting that the court reopen his detention hearing based on "new factual developments." Docket No. 40. The government opposes the request. Docket No. 41. The Bail Reform Act provides that a detention hearing "may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). In support of his request, Mr. Trapps points to the fact that he has abstained from substance abuse during the past six months of incarceration, and that he recently was released for several hours without incident in order to attend his grandmother's memorial service.

The proffered information was not known to Mr. Trapps at the time of the original hearing, and thereby satisfies the first requirement for reopening. However, having carefully reviewed Judge White's order revoking release, (Docket No. 25), this court concludes that Mr. Trapps has not demonstrated that the new information "has a material bearing" on whether appropriate release conditions exist. In finding that the government met its burden of establishing by clear and

convincing evidence that Mr. Trapps poses a danger to the community, Judge White noted Mr. Trapps' significant criminal history, and the fact that he was arrested in this case shortly after being released following a lengthy prison term imposed for offenses similar to the current charges. Judge White also noted Mr. Trapps' numerous parole violations and prior convictions related to resisting arrest and obstructing police officers. Judge White found that this history demonstrated that Mr. Trapps could not be trusted to comply with conditions of release, including placement in a residential treatment program. In light of the findings supporting Judge White's revocation order, six months of incarceration plus several hours of a successful temporary release do not amount to changed circumstances warranting the reopening of Mr. Trapps' detention hearing. The court therefore denies Mr. Trapps' request.

**IT IS SO ORDERED.**

Dated: February 8, 2016

_____
DONNA M. RYU
United States Magistrate Judge