UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CLARENCE TRAPPS,<br><br>Defendant. | Case No. 15-cr-00382-JSW-1<br><br>**ORDER GRANTING RENEWED MOTION FOR COMPASSIONATE RELEASE**<br><br>Re: Dkt. No. 83 |

Now before the Court for consideration is the unopposed renewed motion for compassionate release filed by Defendant Clarence Trapps ("Mr. Trapps"). The Court has considered the parties' papers, the response submitted by the U.S. Probation Office, relevant legal authority, and the record in this case, and it finds this matter suitable for disposition without oral argument. For the following reasons, the Court GRANTS Mr. Trapps' motion.

**BACKGROUND**

Mr. Trapps pled guilty to one count of possession with intent to distribute and distribution of methamphetamine, in violation of 18 U.S.C. section 841(a)(1) and section (b)(1)(B)(viii). He was sentenced to 135 months in custody and five years of supervised release. (Dkt. No. 58.) Mr. Trapps is currently incarcerated at USP Atwater. The Bureau of Prisons ("BOP") calculates Mr. Trapps' release date with his good time credits as April 2024, which means he has served a majority of his sentence. Mr. Trapps will be eligible for home confinement in October 2023. The BOP deems Mr. Trapps to be a minimum-security inmate with a low risk of recidivism.

Mr. Trapps requests compassionate release because he is needed at home to care for his 73-year-old mother, Lena Johnson ("Ms. Johnson"), who suffered a stroke in March 2022 that left her partially paralyzed and in need of constant care. (*See* Dkt. 83-1, Exs. A-B.) Mr. Trapps has

submitted evidence from family members establishing that he is the only family member available to provide Ms. Johnson with the care she now requires. (*See id.*, Exs. C, E, F, H.) Mr. Trapps argues that these family circumstances, in combination with his substantial rehabilitation, constitute "extraordinary and compelling" reasons warranting his release. He requests to be released on home confinement, under the conditions that this Court imposes, to live with his mother and care for her.

The Government does not oppose the request and concedes that Mr. Trapps has made a showing of exceptional circumstances that justifies compassionate release. The Government recommends the Court impose a special term of supervision should it grant the motion.

## ANALYSIS

Mr. Trapps moves for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). As amended by the First Step Act, that statute provides:

> [T]he court, upon motion of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A).

The Ninth Circuit has held "the Sentencing Commission has not yet issued a policy statement 'applicable' to 3582(c)(1)(A) motions filed by a defendant" and "the Sentencing Commission's statements in U.S.S.G. § 1B1.13[1] may inform a district court's discretion for § 3582(c)(1)(A) motions filed by a defendant, but they are not binding." *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021) (per curiam). "'[D]istrict courts are empowered ... to consider

---

[1] Note 1 to the policy statement in U.S.S.G. § 1B1.13 states that one extraordinary and compelling reason is "[t]he incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." U.S.S.G. § 1B1.13.

2

*any* extraordinary and compelling reason for release that a defendant may raise.'" *Id.* at 801 (quoting *United States v. McCoy*, 981 F.3d 271, 284 (4th Cir. 2020)) (emphasis in original).

There is no dispute that Mr. Trapps has satisfied the administrative exhaustion requirement. Mr. Trapps submitted his request to the warden at USP Atwater on June 21, 2022, and it was denied on July 6, 2022. (*See* Dkt. 83-1, Ex. P.) More than 30 days have lapsed since the warden's receipt of his request. Accordingly, the Court has jurisdiction to consider Mr. Trapps' motion.

Mr. Trapps seeks compassionate release to care for his mother, Ms. Johnson, who recently suffered a stroke that left her paralyzed on one side of her body and in need of around-the-clock care. Mr. Trapps' family members are unable to act as full-time caregivers to Ms. Johnson. His sister has physical limitations that prohibit her from providing the care Ms. Johnson requires. (*See* Dkt. 83-1, Exs. C, E.) Mr. Trapps' brother works full-time outside of the home to provide for himself and his family, and he is unable to take more time off work to care for his mother without jeopardizing his employment. (*Id.*, Exs. F-G.) Mr. Trapps' nephew also works outside of the home to support himself. (*Id.*, Ex. H.) If released, Mr. Trapps plans to reside with his mother at her home and is willing and able to provide care for her. Probation has approved Mr. Trapps' proposed living arrangement upon release. (*See* Dkt. No. 87.)

The Court finds Mr. Trapps has established extraordinary and compelling reasons justifying his release because he has shown that his mother is incapacitated and that he is the only available caregiver who can provide the assistance that his mother requires. *See United States v. Bucci*, 409 F. Supp. 3d 1, 2 (D. Mass. 2019) ("Mr. Bucci's circumstances are similar to those that the Sentencing Commission specifically articulated as examples of 'extraordinary and compelling reasons' in its policy guidance.... Mr. Bucci is the "only available caregiver," ... for an ailing, close member of his family: his mother."); *United States v. Nagi*, No. 06-CR-20465, 2021 WL 5114579, at *5 (E.D. Mich. Nov. 3, 2021) ("[T]his Court finds the need to care for an incapacitated parent to be an extraordinary and compelling reason for a sentence modification when there are no other caregivers available.").

The Court also finds that Mr. Trapps is not a danger to society and the sentencing factors

under 18 U.S.C. section 3553(a) ("Section 3553(a)") are no longer an obstacle to his release. Mr. Trapps has served an additional two years since his original motion for compassionate release was denied. Mr. Trapps' expected release date with his good time credits is April 2024, which means he has now served over seventy-five percent of his sentence.[2] Mr. Trapps has completed a significant amount of programming while incarcerated and appears committed to recovery and rehabilitation. Moreover, the BOP deems him a minimum-security inmate with a low risk of recidivism. Thus, the Court concludes the Section 3553(a) factors support compassionate release.

Although the Government does not oppose Mr. Trapps' motion for compassionate release, it recommends the Court add to his term of supervision and impose a special condition of location monitoring for three years, with home detention for one year and a curfew for the remaining two years. The Court, however, agrees with Probation's recommendation and declines to add to Mr. Trapps' term of supervision or impose additional conditions to his term of supervised release.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Mr. Trapps' motion for compassionate release. Mr. Trapps is hereby resentenced to time served, followed by a five-year term of supervised release on the conditions originally imposed. (*See* Dkt. No. 58.) That term of supervised release will begin immediately upon his release. Mr. Trapps shall be released from BOP custody as soon as is practicable.

The Government shall serve a copy of this order on the warden at USP Atwater immediately.

**IT IS SO ORDERED.**

Dated: November 4, 2022

_____
JEFFREY S. WHITE
United States District Judge

Cc: USPO Kristin Coleman

---

[2] A significant period of Mr. Trapps' sentence was served during the COVID-19 pandemic, which added to the harshness of his confinement.

4